**Miguel LOPEZ–CARDONA,**
**Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HU-MAN SERVICES, Defendant,**
**Appellee.**

**No. 84–1420.**

United States Court of Appeals,
First Circuit.

Submitted Sept. 14, 1984.
Decided Nov. 13, 1984.

Salvador Medina de la Cruz, Rio Piedras, P.R., on brief for plaintiff, appellant.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., and Nathan Kobin, Atty., Dept. of Health and Human Services, Social Security Division, Washington, D.C., on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

Claimant, born in 1939 and second grade educated, bases disability on a physical disorder (back, leg, neck pain) and a mental disorder. Claimant's private psychiatrist submitted three reports describing claimant's limitations and claimant testified to pain and nervousness. The Administrative Law Judge (ALJ) noted claimant trembled at the hearing, exhibited "an obvious physical discomfort," and "appeared in mental distress." He found "claimant's demeanor and testimony" "fully credible" and concluded claimant was disabled due to a severe mental condition. The Appeals Council on its own initiative reviewed the case and reversed, finding no severe impairment. This became the final decision of the Secretary. Since the Appeals Council disposed of the case at the second stage of its sequential evaluation process, *see Goodermote v. Secretary of Health and Human Services*, 690 F.2d 5, 6–7 (1st Cir. 1982), it did not consider vocational factors.

Claimant's principal arguments are that (1) the Appeals Council's own regulations precluded it from reviewing the ALJ's decision and (2) the Appeals Council decision is not supported by substantial evidence.

1. Whether the Appeals Council was authorized to review the ALJ's decision.

Plaintiff argues the Appeals Council violated its own regulations by initiating review. The pertinent regulations are 20

C.F.R. §§ 404.969, 404.970, which read, in material part, as follows:

"§ 404.969 *Appeals Council initiates review.*

Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken."

"§ 404.970 *Cases the Appeals Council will review.*

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest."

The Appeals Council referred to § 404.-970(a)(3), lack of substantial evidence. Plaintiff argues that the ALJ's decision was not unsupported by substantial evidence—plaintiff's testimony as well as one of his doctor's evaluations supported it—and that therefore the Appeals Council was not authorized to review the decision.

While plaintiff's position has found some support in dicta, *Wood v. Schweiker,* 537 F.Supp. 660, 667 (D.S.C.1982) (suggesting Appeals Council's power to review is limited to the four situations enumerated in 20 C.F.R. § 404.970); *see also Bohr v. Schweiker,* 565 F.Supp. 610, 611 (E.D.Penn. 1983), the eighth circuit, as well as a district court, have rejected it. *Baker v. Heckler,* 730 F.2d 1147 (8th Cir.1984); *Taylor v. Heckler,* 576 F.Supp. 1172, 1174 (N.D.Calif.1983). The latter courts have given deference to the Secretary's construction of the regulations, have noted that a restrictive interpretation of "own motion" review could interfere with the Secretary's monitoring of the department

and the administration of claims, and have concluded that 20 C.F.R. § 404.970's enumeration of situations when the Appeals Council "will" review a case is not exclusive of all the situations when, under 20 C.F.R. § 404.969, the Appeals Council "may" undertake further review.

Generally, in an intra-agency appeal, the agency has all the powers it would have had in making the initial decision unless it limits the issues by notice or regulation. *See* 3 Davis Administrative Law Treatise § 14:19 (1980). Clearer language is needed before we would find an agency meant to give up its powers, and thus we agree with the eighth circuit's interpretation of the regulations. Hence, even though the ALJ's decision was supported by substantial evidence, the Appeals Council did not violate its regulations by initiating review.

2. Substantial evidence.

We conclude that the Secretary's decision that claimant has no severe impairment is not supported by substantial evidence.

Claimant has a second grade education. He does not speak English. According to the Secretary's own neurologist, who found claimant could not stand for more than six hours, claimant cannot return to his former occupation which required eight hours of standing. Mental illness places further restriction on claimant's vocational capacity. Claimant's private psychiatrist concluded that claimant's interests and activities were moderately severely to severely constricted and that his ability to perform work where contact with others would be minimal was fair to poor. The report from the Secretary's examining physician did not include a residual functional capacity form and did not evaluate the degree of restriction of activities, constriction of interests, or ability to work in contact with others. Hence, the Secretary's finding that "there is no apparent constriction of interests or restriction of daily activities" is entirely unsup-

ported. We think that a person whose interests, activities, and ability to work with others are restricted in the manner stated in the only report on the matter cannot be said to have no severe impairment. At a minimum, the Secretary was required to proceed further in the sequential evaluation process, to consider vocational factors, and to indicate what jobs, if any, claimant could perform. The Secretary also should have stated reasons for rejecting the ALJ's credibility determination. *General Dynamics v. Occupational Safety and Health Review Commission,* 599 F.2d 453, 463 (1st Cir.1979) (an "ALJ's decision to give or deny credit to a particular witness's testimony should not be reversed absent an adequate explanation of the grounds for the reviewing body's source of disagreement with the ALJ").

The judgment of the district court is vacated and the case is remanded with directions to remand to the Secretary for further proceedings.