**Sofia BERRIOS, Plaintiff, Appellant,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 85–1910.**

United States Court of Appeals, First Circuit.

Submitted April 11, 1986.

Decided July 16, 1986.

Salvador Medina De La Cruz, Rio Piedras, P.R., on brief, for plaintiff, appellant.

Etzion Brand, Baltimore, Md., Office of Gen. Counsel, Social Sec. Div., Dept. of Health and Human Services, Daniel F. Lopez, U.S. Atty., San Juan, P.R., Randolph W. Gaines, Deputy Chief Counsel for Social Sec. Litigation, A. George Lowe, Baltimore, Md., Chief, Disability Litigation Branch, on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Sofia Berrios appeals from a decision of the Appeals Council that she is not disabled. Berrios alleged a nervous condition as well as various physical ailments—back and neck pain, "pains all over" and a heart problem—in support of her disability claim.

The Appeals Council concluded that no impairment precluded performance of Berrios' past relevant work.

At the time of the hearing, Berrios was 53 years old. She described her past relevant work as "office work," noting that she sat eight hours each day, and had to bend and reach frequently. In an administrative rejection of the claim, the Social Security Administration classified this work as unskilled.

■ As a threshold issue, Berrios challenges the Appeals Council's *sua sponte* review of the Administrative Law Judge's (ALJ) decision that she is disabled. The Appeals Council reviewed pursuant to 20 C.F.R. § 404.969 *et seq.* The regulations provide, *inter alia,* that the Appeals Council will review a case if the "action, findings or conclusions of the administrative law judge are not supported by substantial evidence...." 20 C.F.R. § 404.970(a)(3). Berrios argues that since the ALJ's findings were supported by substantial evidence, the Appeals Council was without jurisdiction to undertake a plenary review. We have explicitly rejected this argument. *Lopez-Cardona v. Secretary of Health and Human Services,* 747 F.2d 1081, 1083 (1st Cir.1984). *Accord Parker v. Bowen,* 788 F.2d 1512, 1518–19 (11th Cir.1986) (en banc); *Baker v. Heckler,* 730 F.2d 1147, 1149–50 (8th Cir. 1984). *Cf. Oldham v. Secretary of Health and Human Services,* 718 F.2d 507, 510 (1st Cir. 1983) (Appeals Council's review of error of law, pursuant to § 404.970, can permissibly encompass full review of entire record.) *Contra Newsome v. Secretary of Health and Human Services,* 753 F.2d 44, 46 (6th Cir.1985)[1]; (where Appeals Council reverses ALJ's decision pursuant to 20 C.F.R. 404.970(a)(3), function of appellate court is to determine whether Appeals Council correctly concluded that the ALJ's decision was not supported by substantial evidence); *Parris v. Heckler,* 733 F.2d 324 (4th Cir.1984).

For the most part, Berrios argues on appeal that the Appeals Council was wrong to conclude that she could perform her past relevant work. She argues as well that the Appeals Council should have combined her impairments to see if they were severe in the aggregate. Our resolution of the case moots discussion of this latter issue.

■ We agree that Berrios' mental impairment does not preclude her from performing her past relevant work as an office worker. Claimant has not challenged the Social Security Administration's characterization of this work as unskilled nor the Appeals Council's conclusion that this past work did not involve "high levels of complexity or skills." According to 20 C.F.R. § 404.1568(a), unskilled work "is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." Berrios' mental impairment would not seem to preclude this type of work.

We turn next to Berrios' alleged physical impairment and its effect on her vocational aptitude. The medical evidence of Berrios' neck/back problem consists of: 1) a 1968 myelogram, not in the record but alluded to in a medical report; 2) a consultative rheumatological report; and 3) an orthopedic surgeon's report including a normal, recent electromyelogram.

The rheumatological evaluation, performed February 11, 1983, is difficult to interpret, as it is replete with medical terms which are not explained nor applied to any vocational criteria. The doctor, to whom Berrios was referred by the Secretary, noted:

> [Lumbosacral Spine]. Mild paravertebral muscle tenderness. Mild dextoscoliosis. S[traight] L[eg] R[aising]—80° bilaterally with pain. D[eep] T[endon] R[eflexes], sensory, motor and calf measurements all normal. Pt. bend 45 and don't [sic] attempt to squat due to "nervousness and tremors."

An X-ray of the lumbar spine showed "slight demineralization of the osseous structure." The doctor diagnosed "chronic

---

1. The Sixth Circuit has recently accepted for en banc consideration the question of the proper scope of judicial review where the Appeals Council reverses after *sua sponte* review. *See Mullen v. Secretary of Health and Human Services,* 770 F.2d 86 (6th Cir.1985).

back pain, myositis and spasm." He did not submit an RFC form or say whether or not claimant's back problems would interfere with the performance of basic work activities.

The orthopedic surgeon examined claimant June 6, 1983. After requesting and evaluating X-rays and an electromyelogram, the doctor diagnosed "Cerviocolumbar Myositis—post trauma and osteoporosis—Post menopause." The surgeon concluded, in view of clinical findings, X-rays and the electromyelogram, that claimant "is not able to do work that requires standing up, sitting or walking for long periods of time, lifting or carrying heavy objects, pulling or/and pulling [sic] hand controls, using her lower extremities for controlling foot pedals, bending, squatting, kneeling, or picking up objects over the shoulder level." The doctor added that "[t]he category of the petitioner's orthopedic diagnosis is listed in the disability listing as 1.05–C–1," a reference to the Appendix I listing of impairments that are *per se* disabling.[2]

In its opinion, the Appeals Council loosely quotes both medical reports. The Council overlooks a medical certificate, issued by the San Juan Department of Health, which notes that Berrios, then 52, has a history of pain in the cervical and occipital region. The report adds that Berrios has had "multiple visits for the same symptomology." The state doctor's impression is "cervical osteoarthritis"; Berrios' last visit had been July 14, 1982.

It is clear the Secretary rejected the orthopedic surgeon's report and X-rays, since, given the vocational limitations noted, that report would certainly lead to the conclusion that Berrios could not perform past relevant work requiring sitting, bending and reaching. This means that the Secretary must have relied heavily if not exclusively on the rheumatologist's report and the two normal myelograms.[3] We cannot decipher the medical jargon in this report and we do not understand the signifi-

cance of the various clinical tests. We do not think the Appeals Council, composed of lay persons, was competent to interpret and apply this raw, technical medical data. *See Richardson v. Perales*, 402 U.S. 389, 408, 91 S.Ct. 1420, 1430–31, 28 L.Ed.2d 842 (1971) (Court upholds use of medical adviser at hearing, and notes that "[t]he trial examiner is a layman; the medical adviser ... is used primarily in complex cases for explanation of medical problems in terms understandable to the layman-examiner.")

On this record, we cannot conclude that Berrios is capable of performing her past relevant work, given her physical limitations. *See Munoz v. Secretary of Health and Human Services*, 788 F.2d 822 at 823–24 (1986). There is nothing in the record, intelligible to a lay person, to indicate that Berrios can currently sit, bend or reach. Accordingly, we return this case to the Secretary for an assessment of Berrios' vocational capabilities in light of the physical limitations she suffers.

*Vacated and remanded.*

**2.** The Secretary, of course, is not bound by this opinion. We note that to satisfy the listing criteria, a claimant must show evidence of both 1.05–C–1 and 1.05–C–2.

**3.** The Secretary's reliance on a fifteen year old myelogram, in the face of complaints of recent pain, is, at best, irresponsible.