**William R. SMALLEY, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 86–1964.**

United States District Court,
W.D. Pennsylvania.

April 3, 1987.

**364**

Cynthia C. Berger, Berger Reed & Green, Pittsburgh, Pa., for plaintiff.

Albert Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

William R. Smalley brought this action for judicial review of the final decision of the Secretary denying his claim for disability benefits.

Smalley first applied for disability benefits on July 23, 1984 alleging that he had been disabled since October 28, 1982 because of low back pain syndrome, myofarscial pain, somatic preoccupation and hypertension. This application was denied initially and on reconsideration. In a decision dated February 11, 1985 an Administrative Law Judge (ALJ) then ruled that Smalley could perform medium work and was not disabled. On June 10, 1985, the Appeals Council declined to review this decision.

On June 13, 1985 Smalley filed a second application for disability insurance benefits alleging that he had been disabled since April 24, 1985 because of arthritis and bursitis in both his shoulders and hips. This second application was denied initially and on reconsideration. At a hearing on the second application, Smalley asked the ALJ to reopen the first ALJ's decision. The second ALJ reopened the first ALJ's decision and ruled that Smalley had been disabled since October 28, 1982, the disability onset date Smalley had alleged in his first application for benefits. The Appeals Council on its own motion then reviewed the second ALJ's decision, reinstated the first ALJ's decision and reversed the second ALJ's decision. For the period beginning on the second alleged disability onset, April 24, 1985, the Appeals Council concluded that Smalley could perform light work and therefore, was not disabled because he could return to his past relevant work.

Smalley appeals from this adverse determination under 42 U.S.C. § 405(g). Cross-motions for summary judgment were filed by Smalley and the Secretary. For the reasons set forth herein, the Secretary's decision must be reversed in part and affirmed in part.

The Social Security Act limits judicial review to a determination of whether the Secretary's factual determinations are supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Smalley argues initially that the second ALJ's decision granting benefits, not the decision of the Appeals Council, must be reviewed by this Court to determine if it was based on substantial evidence. Smalley's argument is that the Social Security regulations provide that the Appeals Council may only review an ALJ's decision under certain circumstances, *see* 20 C.F.R. § 404.970[1], and that in this case, the Appeals Council could only review the ALJ's decision to determine if it was based on substantial evidence. Consequently, Smalley asserts that this Court must review the second ALJ's decision to determine if it was based on substantial evidence. Smalley asserts that if the second ALJ's decision was based on substantial evidence, then this Court must overturn the decision of the Appeals Council.

The Secretary, on the other hand, argues that the Appeals Council's decision is the final decision of the Secretary and it is this decision which must be reviewed to determine if it is based on substantial evidence. Based on the Secretary's argument, if the decision of the Appeals Council was based on substantial evidence, then the Appeals Council's determination that Smalley was not disabled since April 24, 1985 must be affirmed. Additionally, the Secretary's argument would necessarily require that the first ALJ's decision, which was reinstated by the Appeals Council, be reviewed to determine if it was based on substantial evidence.

Whether it is the second ALJ's decision granting benefits or the Appeals Council's decision denying benefits that is subject to review by the Court, is a question of first impression in the Third Circuit. Other circuits that have dealt with this question have split. Four circuits have essentially held that a court must review the decision of the Appeals Council and defer to the Appeals Council's decision if it is supported by substantial evidence. *Parris v. Heckler,* 733 F.2d 324 (4th Cir.1984); *Baker v. Heckler,* 730 F.2d 1147 (8th Cir.1984); *Lopez-Cordona v. Secretary of Health and Human Services,* 747 F.2d 1081 (1st Cir. 1984); *Fierro v. Bowen,* 798 F.2d 1351 (10th Cir.1986). Three circuits have held that the Appeals Council does not have unbridled discretion to review ALJ decisions and that if the ALJ decision was based on substantial evidence, the Appeals Council may not overturn it. *Parker v. Heckler,* 763 F.2d 1363 (11th Cir.1985); *Newsome v. Secretary of Health and Human Services,* 753 F.2d 44 (6th Cir.1985); *Scott v. Heckler,* 768 F.2d 172 (7th Cir. 1985). The better reasoned approach is to consider the Appeals Council's decision to be the final decision of the Secretary and to review this decision to determine if it is based on substantial evidence.

The Social Security regulations provide that the Appeals Council may review an ALJ's decision in a number of circumstances. *See* e.g. 20 C.F.R. §§ 404.969, 404.970, 404.979, 404.987, 404.988. However, once the Appeals Council reviews an ALJ's decision and makes its own decision, this decision becomes binding on the parties. 20 C.F.R. § 404.981. The claimant may then appeal the Appeals Council's decision to a federal district court. *Id.* Since a federal district court may only review the final decision of the Secretary, 42 U.S.C. § 405(g), the effect of the Social Security regulations is to establish the Appeals Council's decision as the final decision of the Secretary. Since 42 U.S.C. § 405(g) further provides that any finding of the Secretary which is based on substantial evidence is conclusive, a federal district court is limited to reviewing the decision of the Appeals Council (the final decision of

**1.** 20 C.F.R. § 404.970(a) provides that, "The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest."

the Secretary) to determine whether it is based on substantial evidence.

The decision of the Appeals Council was based on the medical-vocational regulations. These regulations provide for a five step sequential evaluation of disability claims. 20 C.F.R. § 404.1520. Essentially, if the Secretary determines that the claimant is not working, the claimant is severely impaired, and the medical factors listed in Appendix I of the Social Security regulations are present, the Secretary must make a finding of disability. If only the Appendix I medical factors are lacking, the Secretary must then determine that the claimant cannot return to past relevant work and cannot perform some other type of work in order to make a finding that the claimant is disabled.

Undertaking this analysis, the Appeals Council found 1) Smalley had not engaged in substantial gainful activity since April 24, 1985; 2) Smalley had degenerative arthritis of the spine and bursitis of the shoulders; 3) Smalley did not have an impairment listed or medically equivalent to one listed in 20 C.F.R., Appendix I, Subpart P, Regulations No. 4; 4) Smalley was capable of returning to his past relevant work as a security guard (merchant patroller) because this work was considered light work and Smalley was capable of performing light work.

The Appeals Council also reinstated the first ALJ's decision and findings. The first ALJ had found: 1) Smalley had not engaged in substantial gainful activity since October 28, 1982; 2) Smalley had severe chronic lumbosacral sprain; 3) Smalley did not have an impairment listed or medically equivalent to one listed in 20 C.F.R., Appendix I, Subpart P, Regulations No. 4; 4) Smalley was not capable of returning to his past relevant work as a fireman or security guard; 5) Smalley was capable of perform-

ing medium work and therefore based on his age, education and work experience, Rule 203.12, Table No. 3 of Appendix 2, Subpart P, Regulations No. 4 required a finding of "not disabled." [2]

Since the Appeals Council made findings for the period after April 24, 1985 and reinstated the first ALJ's findings for the period October 28, 1982 to April 24, 1985, both the Appeals Council's decision and the first ALJ's decision must be reviewed to determine if they are based on substantial evidence.

Smalley met the special earnings requirement on October 28, 1982 and continues to meet this requirement through June 30, 1988. Smalley was born on August 25, 1928 and has an eighth grade education. Immediately prior to his first alleged disability onset date of October 28, 1982, Smalley had worked full time as a fireman beginning in 1969. Smalley had also worked part-time, approximately 12 hours a week, from September, 1972 until October, 1975, as a security guard. Smalley had first been injured while fighting a fire in January, 1977 when a stream of water knocked him off a ladder. At that time, Smalley injured his back and tailbone, but returned to work after undergoing physical therapy. In October, 1982, Smalley reinjured his back while climbing stairs carrying a fire extinguisher. Smalley has not worked since this injury.

Medical evidence from the Appeals Council decision established that Smalley had degenerative arthritis of the spine and bursitis of the shoulders. Medical evidence from the first ALJ's decision established that Smalley had severe chronic lumbosacral sprain. Medical evidence as to Smalley's ability to perform work was also presented to both the first ALJ and the Appeals Council.

---

2. The first ALJ's findings were in conflict with the Appeals Council's decision as to Smalley's ability to return to his past relevant work. Specifically, the first ALJ found that Smalley was capable of performing medium work but that he could not return to his past relevant work. The Appeals Council on the other hand found that Smalley could perform only light work but that he was not disabled because he could return to his past relevant work, which the Appeals Council classified as light work. Since a finding of medium work necessarily meant that Smalley could also perform light work, the first ALJ, based on the Appeals Council's finding, should have found that Smalley could return to his past relevant work. As will be shown in the remainder of the opinion, this error does not affect the outcome of this case.

The evidence of Smalley's ability to work prior to the first ALJ's decision in February, 1985, consists of the evaluations of several doctors who examined Smalley prior to this date. In January, 1983, Dr. Collins, a member of the Steel Valley Orthopedic Association, and one of Smalley's treating doctors, concluded that Smalley could perform at least sedentary work. In April, 1983, a physician with the Harmarville Rehabilitation Center, Dr. Bonfiglio, concluded that Smalley could perform light work. In March and September, 1984, Dr. Collins again indicated that Smalley was capable of performing at least sedentary work and that he should not perform any work that required lifting more than 16 to 20 pounds.[3] After another evaluation in April, 1984, Dr. Welch, a psychiatrist with the Harmarville Rehabilitation Center concluded that Smalley could perform sedentary to light work. In September, 1984, Dr. Ballantyne, a physician with the Pennsylvania Bureau of Disability Determination, examined Smalley and concluded that he would not work again. This conclusion appeared to be based more on Smalley's mental attitude towards work rather than a physical impairment which would prevent him from working. In January, 1985, Dr. Hanley, a physician with University Orthopedics Incorporated, examined Smalley and concluded that Smalley was not qualified for work at that time.

The evidence of Smalley's ability to perform work not available to the first ALJ, but available to the Appeals Council also consists of the evaluations of two doctors who examined Smalley in this period. In July, 1985, Dr. Artuso, another physician with the Pennsylvania Bureau of Disability Determination, examined Smalley and concluded that Smalley was essentially capable of performing only sedentary work.[4] Additionally, in October, 1985, Dr. Collins again evaluated Smalley and concluded that he agreed with Dr. Hanley's January, 1985 assessment that Smalley had only a very limited potential to return to work. Dr. Collins further concluded that Smalley was only capable of performing sedentary work.

Based on the medical evidence available prior to the first ALJ's decision on February 11, 1985, there was no evidence that Smalley could perform medium work between October 28, 1982 and April 24, 1985. As a result, the first ALJ's decision is not supported by substantial evidence. However, there is substantial evidence that Smalley could perform light work between October 28, 1982 and April 24, 1985. Therefore, since the first ALJ's conclusion that Smalley could perform medium work meant that he could perform light work and since, as the Appeals Council later recognized, a finding of light work meant that Smalley could return to his past relevant work as a security guard, the first ALJ's ultimate conclusion that Smalley was not disabled is supported by substantial evidence.

The evidence which supports a finding that Smalley could perform light work between October 28, 1982 and April 24, 1985 consists of the conclusions of the physicians who examined Smalley in this period. Smalley's treating physician, Dr. Collins, concluded that Smalley could perform *at least* sedentary work. However, Dr. Collins also concluded that Smalley could lift up to 16 to 20 pounds. Since lifting 16 to 20 pounds is within the capabilities of someone who can perform light work, *see* 20 C.F.R. § 404.1567(b), Dr. Collins' findings may support a finding that Smalley could perform light work in addition to sedentary work. Two other physicians from the Harmarville Rehabilitation Center who examined Smalley between October 28, 1982 and April 24, 1985 also concluded that Smalley was capable of performing sedentary to light work.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Perales*, 402 U.S. at 401, 91 S.Ct. at 1427. It

---

3. These weight limits are consistent with light work. *See* 20 C.F.R. § 404.1567(b).

4. Dr. Artuso stated that Smalley could lift no more than 5 pounds. This is within the weight limitations for sedentary work. *See* 20 C.F.R. § 404.1567(a).

consists of more than a mere scintilla of evidence, *id.*, but may be less than a preponderance. *Ginsburg v. Richardson*, 436 F.2d 1146 (3d Cir.) *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 *reh. denied*, 403 U.S. 912, 91 S.Ct. 2213, 29 L.Ed.2d 690 (1971). The evidence presented by Dr. Collins and the two examining physicians from Harmarville Rehabilitation Center is sufficient to support a finding that Smalley could perform light work in the period from October 28, 1982 to April 24, 1985, despite the fact that two other doctors concluded Smalley was not qualified for work at all during this period. Therefore, a finding that Smalley was capable of performing light work in the period from October 28, 1982 to April 24, 1985 meant that he could return to his past relevant work as a security guard, and further, that he was not disabled.[5] The Secretary's decision reinstating the first ALJ's conclusion that Smalley was not disabled between October 28, 1982 and April 24, 1985 must therefore be affirmed.

However, the Appeals Council's decision holding that Smalley was not disabled for the period after April 24, 1985, is not supported by substantial evidence. More specifically, the Appeals Council's decision that Smalley could perform light work during this period is not supported by substantial evidence. The doctors who examined Smalley after April 24, 1985 concluded that he could perform at best only sedentary work. Further the Appeals Council recognized that Smalley's condition was degenerative. Prior to April 24, 1985, the evidence

indicated that Smalley could only perform light work. Therefore, the degenerative nature of Smalley's condition would support the deterioration of Smalley's work ability from light to sedentary work and would further support the doctor's findings. As a result, a finding that Smalley was capable of performing light work in the period beginning April 24, 1985 is totally unsupported by the evidence. Therefore, thes finding must be reversed.

The evidence presented for the period after April 24, 1985 does support a finding that Smalley could perform sedentary work. A finding that Smalley can only perform sedentary work means that Smalley cannot return to his past relevant work as a security guard or a fireman. Therefore, whether Smalley is disabled or not must be determined under the fifth step of the medical-vocational regulations. Specifically, it must be determined whether Smalley can perform some other type of work under the medical-vocational regulations.

Based on Smalley's ability to perform only sedentary work and his advanced age, limited education, and past semi-skilled, skills not transferable work experience[6], Rule 201.02, Table No. 1, Appendix 2, Subpart P, Regulation No. 4 requires a finding that Smalley has been disabled since April 24, 1985.

In summary, therefore, the Secretary's decision that Smalley was not disabled for the period from October 28, 1982 to April 24, 1985 must be affirmed. The Secre-

---

5. One particularly troubling aspect of finding that Smalley was capable of performing light work in the period October 28, 1982 to April 24, 1985 is that a finding that Smalley could perform light work meant that Smalley could return to his past relevant work as a security guard. Had Smalley not previously worked part-time as a security guard, the Appeals Council would have had to have made a disability finding under the fifth step of the five-step medical-vocational test. *See* 20 C.F.R. § 404.-1520. At the time of the first ALJ's hearing, Smalley was age 55, had a limited education, and his past relevant work was at best skilled or semiskilled—skills not transferable. *See infra* note 6. These factors in combination with a finding that Smalley could only perform light work meant that Smalley would have been disabled under Rule 202.02, Table No. 2, Appendix

2, Subpart P, Regulation No. 4. Essentially, this means that Smalley would have been disabled beginning on October 28, 1982 under the medical-vocational regulations except that he had the misfortune to have had previously a part-time job which could qualify as light work.

6. Smalley's past work experience as a fireman and security guard was semi-skilled. Due to the nature and the type of activities Smalley engaged in as a fireman and security guard, Smalley's skills are not readily transferable. The semi-skilled finding is consistent with both the first and second ALJ's decisions. The not readily transferable finding is consistent with the second ALJ's decision. The second ALJ was the only one who made findings of this subject.

tary's decision that Smalley was not disabled after April 24, 1985 must be reversed. An appropriate order will be entered.