[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1377

VICTOR A. RIVERA,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Melba N. Rivera-Camacho and Melba N. Rivera Camacho & Assocs.on brief for appellant.
Guillermo Gil, United States Attorney, Lilliam Mendoza-Torro,
Assistant U.S. Attorney and Wayne G. Lewis, Assistant Regional
Counsel on brief for appellee.

December 9, 1998

Per Curiam. After carefully considering the full
record and the parties' briefs, we agree that there was
substantial evidence to support the decision of the
Commissioner of Social Security that claimant's back condition,
emotional impairment, and diabetes did not render claimant
disabled prior the date he (claimant) reached 60 years of age. 
The judgment of the district court in regard to these
conditions is therefore affirmed for essentially the reasons
stated in the magistrate judge's Report and Recommendation
which was adopted by the district court on January 22, 1998. 
We reach a different conclusion in relation to the carpal
tunnel syndrome.
Where, as here, sedentary work is involved, "good use
of the hands and fingers" is required. See Heggarty v.
Sullivan, 947 F.2d 990, 996 (1st Cir. 1991) (per curiam)
(internal quotation marks and citation omitted). In
determining that claimant's carpal tunnel syndrome did not
result in any significant manipulative limitations, the only
medical evidence before the administrative law judge (ALJ) was
the diagnosis of carpal tunnel syndrome, the test report
confirming the diagnosis, and the observation that claimant had
lost strength in his left hand. The physicians who reported on
the carpal tunnel syndrome, however, did not apply their
findings to any vocational criteria as required by the
regulations. See 20 C.F.R. 404.1513(b) and (c) (medical
reports should include "[a] statement about what you can still
-2-
do despite your impairment(s)," including a statement about the
ability to do work-related activities such as "handling
objects"). Thus, the ALJ was confronted with only "raw medical
data." We have held that, as a lay factfinder, an ALJ lacks
sufficient expertise to interpret such data. See Rivera-
Figueroa v. Secretary of Health and Human Services, 858 F.2d
48, 52 (1st Cir. 1988) (per curiam); Berrios v. Secretary of
Health and Human Services, 796 F.2d 574, 576 (1st Cir. 1986)
(per curiam) (a lay person such an ALJ is not competent to
interpret "raw, technical medical data").
Given this state of the record, the evidence, at the
least, is ambiguous regarding the disabling effects of the
carpal tunnel syndrome. One question, for example, is whether
the carpal tunnel syndrome precluded any sedentary work
claimant could do i.e., whether claimant was disabled prior
to the date he turned 60. Since (1) the burden is on the
Commissioner at step five of the sequential process, (2)
claimant was not represented at the hearing by an attorney, (3)
the claim regarding the carpal tunnel syndrome "itself seems on
its face to be substantial," and (4) there are significant gaps
in the record, a remand is required for the Commissioner to
obtain further evidence. See Heggarty, 947 F.2d at 997-98. 
Such evidence should include a consultation with an MA for the
purpose of having the MA interpret the medical data in lay
terms. See Richardson v. Perales, 402 U.S. 389, 408 (1971)
(approving the use of medical advisors "in complex cases for
explanation of medical problems in terms understandable to the
layman-examiner"). Only after obtaining such information can
a decision regarding the extent of claimant's disability, if
any, be made.
The judgment of the district court is vacated only in
relation to the carpal tunnel syndrome, and the matter is
remanded with directions to remand to the Secretary for further
proceedings consistent with this opinion. In all other
respects, the judgment is affirmed.