**Adrian IRIZARRY–SANCHEZ,**
**Plaintiff,**

v.

**COMMISSIONER OF SOCIAL**
**SECURITY, Defendant.**

Civil No. 02–1715 (JAG).

United States District Court,
D. Puerto Rico.

March 31, 2003.

Salvador Medina–De–La–Cruz, Rio Piedras, PR, for plaintiff.

Camille L. Velez–Rive, Torre Chardon, Hato Rey, PR, for defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

Plaintiff Adrian Irizarry–Sanchez ("Irizarry") seeks review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying him disability insurance benefits. Both parties have filed memoranda in support of their respective positions. (Docket Nos. 12, 13.) Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court AFFIRMS the Commissioner's decision.

## FACTUAL BACKGROUND

Irizarry, who was born on October 14, 1942, worked as a maintenance worker and as a packer in a tuna cannery. On February 16, 2000, Irizarry filed applications for disability and disability insurance benefits, alleging an inability to work since November 10, 1998, due to a skin condition and depression. The Social Security Administration denied the application initially and on reconsideration. On September 13, 2002, the Administrative Law Judge ("ALJ") held a hearing and concluded that

---

1. Yamil Jaskille, a second year student at the University of Puerto Rico School of Law, as-  sisted in the research and preparation of this opinion.

Irizarry was not entitled to a period of disability or disability insurance benefits under §§ 216(i) and 223 of the Act. On May 10, 2002, Irizarry appealed, alleging the ALJ's final decision is not supported by substantial evidence.

## DISCUSSION

■ To establish entitlement to benefits, Irizarry bears the burden of proving that he became disabled within the meaning of the Act. *See, e.g., Deblois v. Sec'y of HHS,* 686 F.2d 76, 79 (1st Cir.1982). To be considered disabled within the meaning of the Act, Irizarry must be unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). His impairment must be so severe as to prevent him from working not only in his usual occupation but in any other substantial gainful work considering his age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment alone is insufficient to claim an award of disability insurance benefits; Irizarry must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Sec'y of HHS,* 795 F.2d 1118, 1120 (1st Cir.1986).

■ Moreover, Irizarry's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Sec'y of HHS,* 797 F.2d 19, 20 (1st Cir.1986). The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ulti-mate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Sec'y of HHS,* 647 F.2d 218, 222 (1st Cir. 1981). For the reasons set out below and because the Court finds that the ALJ properly evaluated the medical evidence in the record, the Court affirms the ALJ's determination.

■ As respects plaintiff's skin condition, Dr. Angel R. Rivera de los Rios ("Dr.Rivera") examined Irizarry on a monthly basis from January 20, 1999, to December 21, 1999 and diagnosed him with severe dermatitis with sensitivity to light. (Tr. 136–142). He concluded that Irizarry was unable to work in a hot environment or under sun exposure. Thereafter, on June 14, 2000, Dr. Armando J. Guardiola ("Dr.Guardiola"), a dermatologist, also examined Irizarry and diagnosed him with granulomatous rosacea, a condition treatable with surgical treatment and dieting. (Tr. 144). Dr. Guardiola, however, found Irizarry to be well developed, well nourished, alert, cooperative, oriented, and able to hear, speak, travel, sit, stand, walk, lift, carry, and handle objects. *Id.* Furthermore, in July (Tr. 146–153) and December, 2000 (Tr. 153–154), two non-examining physicians, Dr. Gilberto Fragoso Ledesma ("Dr.Fragoso") and Dr. Jose R. Pesquera ("Dr.Pesquera"), issued residual functional capacity ("RFC") assessments and concluded that Irizarry had no exertional limitations.

Irizary also alleges he is disabled due to depression. In March, 2000, he started psychiatric treatment for depression and anxiety at the Centro de Salud Conductal del Oeste ("Centro"). The Centro's psychiatric evaluation dated November 20, 2000, diagnosed Irizarry with a major recurrent depression but concluded that he was alert, oriented, logical and coherent. (Tr. 161.) Approximately a month later, on December 14, 2000, another psychia-

trist, Dr. Alberto Rodriguez Robles ("Dr.Rodriguez") examined Irizarry and diagnosed him with an unspecific depression. Dr. Rodriguez found, however, that Irizarry remained capable of managing his personal affairs and noted that he had an adequate appearance, attention, concentration, and judgment with good insight and orientation. (Tr. 176–181). The only indication that Irizarry was precluded from working came on May 29, 2001, when internist Dr. Jose M. del Rio Ferrer ("Dr. del Rio") filed a note at the Office of Hearings and Appeals in Mayaguez, Puerto Rico, which read: "[h]e can't work; facial keratitis." (Tr. 185).

In his appeal of the ALJ's decision denying him disability insurance benefits, Irizarry contends that, taking the record as a whole, the ALJ's determination was not supported by substantial evidence. More specifically, Irizarry alleges that: (1) the ALJ is not qualified to translate bare medical findings into a residual capacity assessment such that the non-examining physicians' conclusions that he had no exertional limitations do not constitute substantial evidence (Docket No. 13 at 6–8); (2) the ALJ did not give proper weight to his mental impairment (Docket No. 13 at 10); and (3) the ALJ erred in concluding that his condition did not preclude him for resuming work as a tuna packer.

■ Irizarry correctly points out that the ALJ is a lay fact finder who "lacks the expertise to make a medical conclusion." *Morales–Colon v. Comm'r of Social Security*, (D.P.R.2003) (citing *Rivera–Torres v. Sec'y of H.H.S.*, 837 F.2d 4, 7 (1st Cir. 1988)). As such, he cannot interpret "raw, technical medical data." *Berrios v. Sec'y of H.H.S.*, 796 F.2d 574, 576 (1st Cir.1986). Irizarry suggests that by basing his findings on the RFC assessments of non examining physicians, the ALJ exceeded his authority. While written reports submit-

ted by non-examining physicians who merely reviewed the written medical evidence are not substantial evidence, these may serve as supplementary evidence for the ALJ to consider in conjunction with the examining physicians' reports. *See Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir.1981); *Browne v. Richardson*, 468 F.2d 1003, 1006 (1st Cir.1972). Moreover, the ALJ based his findings on the diagnoses and medical assessments of examining physicians such as Dr. Rivera, Dr. Guardiola, Dr. Rodriguez, and the Centro's psychiatric evaluation, in addition to the RFC evaluations prepared by Dr. Fragoso and Dr. Pesquera. Irizarry points to Dr. del Rio's note stating that Irizarry "can't work; facial keratitis." Notwithstanding, this conclusory opinion was not supported medical evidence describing the way in which that condition precluded Irizarry from engaging in any work. *See* 20 C.F.R. § 404.1527(d) and (e). With respect to the medical evidence, the determination of total disability is an issue reserved for the Commissioner. *See Irlanda Ortiz v. Sec'y of HHS*, 955 F.2d 765, 769 (1st Cir.1991); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir.1981).

■ In addition to his skin condition, Irizarry alleges that depression rendered him disabled. The mere existence of a mental disorder is insufficient to establish disability absent a showing of a related functional loss. *Sitar v. Schweiker*, 671 F.2d 19, 20–21 (1st Cir.1982). The record is devoid of any medical evidence suggesting Irizarry's depression rendered him incapable of working. Social Security Ruling ("S.S.R.") 85–15 "addresses, in part, the effects of a nonexertional impairment on an individual's occupational base." *Ramos–Albelo v. Secretary of Health & Human Services*, 979 F.2d 844 (1st Cir.1992); *see also* 1985 WL 56857 (S.S.R 85–15, Titles II and XVI: Capability to do Other

Work, The Medical Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments). While Irizarry alleges he is incapable of adequate social functioning or of responding to a supervisor or a fellow coworker, the treating physicians found him to be capable of managing his affairs. Despite Dr. Rodriguez's observations that Irizarry is "isolated [and] withdrawn . . . ." and "does not like to interact with people", these statements are insufficient to establish that Irizarry's depression was of such a degree that it prevented him from engaging in any sort of gainful employment.

■ Irizarry alleges the ALJ's conclusion is incorrect inasmuch as his skin condition and depression prevented him from resuming his previous work as a tuna packer. The Commissioner must show that Irizarry's limitations do not prevent him from engaging in substantial gainful work, but need not show that Irizarry could actually find a job. *See Keating v. Sec'y of HHS*, 848 F.2d 271, 276 (1st Cir. 1988) ("The standard is not employability, but capacity to do the job"). Irizarry's diagnoses are not listed as, or medically equal to, an impairment or a combination of impairments in the Commissioner's Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. *See Ward v. Comm'r of Social Security*, 211 F.3d 652, 655 (1st Cir.2000); *Rodriguez*, 647 F.2d at 222. The only limitation noted in the record is Irizarry's inability to work in a hot environment, under excessive pressure, or in direct exposure to the sun. There is no reason to believe that these limitations would preclude him from working again as a tuna packer. *Dudley v. Secretary of Health and Human Services*, 816 F.2d 792, 794 (1st Cir.1987). Consequently, the ALJ correctly determined that Irizarry could engage in a range of heavy work.

In conclusion, the Court finds that the ALJ properly followed a sequential evaluation process to determine whether Irizarry was disabled whereby he considered: 1) current work activity; 2) severity of the impairments; 3) whether his impairments meet or equal a listed impairment in Appendix 1; 4) ability to do past work; 5) and ability to do other work (in light of his age, education, and work experience.) *See* 20 C.F.R. § 404.1520; Tr. 16. More importantly, the Commissioner's decision that Irizarry failed to establish that he was disabled as of November 10, 1998 was properly supported by substantial evidence. Even if the Court might have decided otherwise, had it heard the same evidence de novo, the Commissioner's findings are conclusive if supported by substantial evidence. *Lizotte v. Sec'y of HHS*, 654 F.2d 127, 128 (1st Cir.1981). The Commissioner is the one charged with the duty to weigh the evidence, resolve material conflicts in the testimony, and to determine the case accordingly. *See Tremblay v. Sec'y of HHS*, 676 F.2d 11, 12 (1st Cir.1982).

### CONCLUSION

Accordingly, the Court AFFIRMS the Commissioner's decision denying Irizarry disability and disability insurance benefits.

IT IS SO ORDERED.