**Richard G. SHEPHERD,**
**Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant-Appellee.**

No. 84–5352.

United States Court of Appeals, Sixth Circuit.

Argued March 6, 1985.

Decided April 4, 1985.

Alva A. Hollon, Jr. (argued), Hollon, Hollon & Hollon, Hazard, Ky., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Karl L. Anderson, Asst. U.S. Atty., Monica Wheatley (argued), Lexington, Ky., for defendant-appellee.

Before MERRITT and MILBURN, Circuit Judges, and WEICK, Senior Circuit Judge.

MERRITT, Circuit Judge.

Claimant Shepherd is presently a 42-year old male whose alleged disability is based on disc injury and a mental illness diagnosed as hysterical neurosis, conversion type. His prior work experience was unskilled, primarily heavy work. He was employed as a coal miner, an assembly line

supervisor for a factory that made brake drums, an unskilled laborer, and a postal carrier. He injured his lower back while lifting a heavy drum. He has a twelfth grade education, is married, and has no children.

This is the second time Shepherd's case has been before our Court. He initially filed an application for disability on August 30, 1974; the ALJ and the Secretary denied benefits, but the District Court remanded the case to the Secretary because the Court could not determine whether there was substantial evidence for the denial. The District Court further instructed the Secretary to develop medical and vocational evidence and to include a psychological evaluation.

On remand before the ALJ, a vocational expert testified, a psychological evaluation was completed, and existing medical reports were evaluated. The medical reports document some discernible back injury. The ALJ found that claimant was disabled. The Appeals Council remanded again to the ALJ with instructions to gather more information, including a psychiatric evaluation. This evaluation was done by Dr. Dill. Once again the ALJ found that Shepherd was disabled, whereupon the Appeals Council refused to adopt the ALJ's conclusion and denied benefits. In doing so it relied on only a portion of Dr. Dill's psychiatric assessment.

On appeal, this Court reversed the District Court's order affirming that denial. The Court held that "... the Appeals Council failed to articulate the basis for adopting the favorable part of Dr. Dill's assessment of plaintiff's condition and rejecting the unfavorable part. Such an articulation is required here in order to find substantial evidence to support the Secretary's determination. If the Appeals Council rejected disability benefits because it believed plaintiff lacked credibility, once again it must indicate the reasons for coming to that conclusion.... Consequently, we must remand this case for further findings specifically on plaintiff's alleged mental impairments and credibility." *See Richard G.*

*Shepherd v. Secretary,* 698 F.2d 1223 (6th Cir.1982).

On remand from this Court's reversal of the District Court, yet another ALJ similarly found that claimant was disabled as of February 22, 1974, and should be awarded benefits. The ALJ examined the entire record and stated: "[A]bsent a finding that the claimant's testimony is not credible, the great preponderance of the evidence is that the claimant's impairments are disabling and there is no substantial evidence in the record supporting a finding that the claimant is able to perform substantial gainful activity." *See* Appellant's Brief at 25.

The Appeals Council again refused to adopt the ALJ's recommendation and denied benefits. The Appeals Council relied heavily on the fact that Shepherd's claim of disability exceeds what the Council interpreted as the medically determinable levels of severity. The Appeals Council further stated specifically that claimant's testimony was thoroughly sincere: "In this regard, the Appeals Council emphatically does not question the claimant's sincerity with respect to his physical difficulties as he perceives them." The Council dismissed Shepherd's sincere claims regarding his physical limitations and stated that "much of the claimant's inactivity results from his own conviction that he cannot work." Finally, in order to comply with the Sixth Circuit's mandate concerning the Secretary's use of Dr. Dill's report, the Appeals Council explained why it relied on only the unfavorable part of the psychiatric evaluation by stating that the psychiatric evaluation was internally inconsistent. The District Court affirmed the Secretary's denial, and this appeal ensued.

Claimant argues on appeal that the Appeals Council lacked the statutory authority to review the ALJ's determinations absent proof of: (1) abuse of discretion by the ALJ; (2) error of law by the ALJ; (3) lack of substantial evidence to support the ALJ; (4) presence of a broad policy or procedural issue possibly affecting the general public interest. These are the four bases for Appeals Council review set out in 20 C.F.R.

§ 404.970(a) (1984). Claimant cites this Court's recent per curiam opinion in *Newsome v. Secretary, Health and Human Services*, 753 F.2d 44 (6th Cir.1985), as authority for the proposition.

Based on *Newsome*, claimant argues that the only review role of the Appeals Council in this case was to determine whether the ALJ's finding was supported by substantial evidence. This interpretation clearly limits the Appeals Council's scope of review. It additionally structures the appellate review of this Court in that we must determine only whether there was substantial evidence to support the decision of the ALJ, rather than the Secretary. If there was substantial evidence for the ALJ's determination of disability, then we must reverse the Appeals Council's denial of benefits.

Although such a principle appears to be a departure from this Court's previously articulated scope of review, *see Beavers v. Secretary of Health, Education, & Welfare*, 577 F.2d 383, 386–87 (6th Cir.1978), a panel of this Court clearly announced the principle, and we should apply it. The Secretary may then petition for en banc review in order to correct what may be an error by the *Newsome* panel. Because we decide this case on the *Newsome* principle, we do not reach the question whether, under a scope of review determining whether the denial of benefits by the Appeals Council is supported by substantial evidence, claimant would be entitled to benefits.

Two different ALJ's on three occasions determined that claimant is disabled and entitled to benefits. The record clearly reflects substantial evidence for this decision. Based on the foregoing reasons, the judgment of the District Court affirming the Secretary's denial of benefits is reversed and benefits are awarded.