**Daniel L. FIERRO, Plaintiff-Appellant,**

**v.**

**Otis R. BOWEN, M.D., Secretary, Department of Health and Human Services, Defendant-Appellee.**

**No. 85–2730.**

United States Court of Appeals, Tenth Circuit.

Aug. 21, 1986.

---

Ray Lewis Fuller of Southern New Mexico Legal Services, Inc., Las Cruces, N.M., for plaintiff-appellant.

Karen J. Behner, Asst. Regional Counsel (Edwin L. Meese, U.S. Atty. Gen., Washington, D.C., William L. Lutz, U.S. Atty., Dist. of New Mexico, Gayla Fuller, Chief Counsel, Region VI, Patrick A. Hudson, Principal Regional Counsel, Social Sec. Disability, Litigation Branch, with her on brief), Dallas, Tex., for defendant-appellee.

Before McKAY, TACHA, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Daniel L. Fierro appeals from an order and judgment of the United States District Court for the District of New Mexico which affirmed a final decision of the Secretary of the Department of Health and Human Services. The Secretary's decision had denied Fierro's application for disability insurance benefits and supplemental security income benefits. On appeal, Fierro raises two matters: (1) The Appeals Council had no power or authority to review the two decisions of the Administrative Law Judge, each of which found for Fierro and granted him benefits, and, alternatively (2) the ultimate decision of the Appeals Council, which became the decision of the Secretary, is not supported by the record. We are not persuaded by either argument and therefore affirm.

Fierro made application for disability benefits and supplemental security income benefits based on a neck injury sustained in an automobile accident and a residual disability from an old injury to the left arm. Fierro had been a barber for some 27 years. Fierro's application was administratively denied by both state and federal

agencies. Fierro then asked for a *de novo* hearing before an administrative law judge (ALJ). The latter, after hearing, rendered a decision in favor of Fierro and granted him the benefits sought. Thereafter, the Appeals Council vacated the ALJ's decision, and remanded the case to the ALJ with direction that there be a psychiatric evaluation and psychological testing followed by further hearings on the case. On rehearing, at which time Fierro and his attorney appeared, the ALJ, after taking additional testimony, again found for Fierro and granted him the requested benefits. The Appeals Council thereafter reviewed the ALJ's second decision in the matter and then issued its own decision that Fierro was not disabled within the meaning of the Social Security Act and, accordingly, denied the application. The decision of the Appeals Board became the final decision of the Secretary from which Fierro sought judicial review.[1]

We must first decide whether we are going to initially review the decision of the ALJ and determine whether it is supported by substantial evidence, or, by-pass the ALJ's decision and proceed to a considera-tion of whether the Secretary's decision is supported by substantial evidence.[2] In this regard, Fierro, the appellant, argues that under 20 C.F.R. § 404.970(a) the Appeals Council may only review a decision of an ALJ if it finds that one of the four conditions specified in the regulation exists.[3] In the instant case, says Fierro, the Appeals Council indicated that it was reviewing the ALJ's decision because of a belief that the ALJ's action, findings, or conclusions were not supported by substantial evidence, and, that, such being the case, a review of the ALJ's decision to determine whether it is, in fact, supported by substantial evidence is necessary in order to first determine whether the Appeals Council had any power or authority to review the ALJ's decision. In thus arguing, Fierro relies on *Scott v. Heckler*, 768 F.2d 172 (7th Cir. 1985); *Shepherd v. Secretary*, 758 F.2d 196 (6th Cir.1985); *and Parker v. Heckler*, 763 F.2d 1363 (11th Cir.1985).[4]

The Secretary argues that the Secretary, who, under the statutory scheme, has delegated his authority in this regard to the Appeals Council, makes, in a given case,

---

1. The Social Security Act provides that federal courts may review the "final decision" of the Secretary. 42 U.S.C. § 405(g). Pursuant to the Secretary's rulemaking authority under 42 U.S.C. § 405(a), the Appeals Council has become the final decision-making body. *See* 20 C.F.R. § 404.900 (1985).

2. In our view, we are only concerned with the ALJ's second decision, which was rejected by the Appeals Council. The ALJ's first decision was merely vacated, and the case remanded for further hearing, which was in fact held.

3. 20 C.F.R. § 404.970(a) provides:
   The Appeals Council will review a case if—
   (1) There appears to be an abuse of discretion by the administrative law judge;
   (2) There is an error of law;
   (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or
   (4) There is a broad policy or procedural issue that may affect the general public interest.

4. We are advised that petitions for rehearing en banc were granted in both *Shepherd* and *Parker*. As of the date of this opinion, *Shepherd* has not been decided by the en banc court, but *Parker* has been decided and appears at 788 F.2d 1512 (11th Cir.1986). The Eleventh Circuit held en banc that where "the Appeals Council reverses an ALJ's decision on its own motion, judicial review is limited to determining whether the Appeals Council's decision is supported by substantial evidence." 788 F.2d at 1519–20.
   In *Scott*, the Seventh Circuit held the Secretary to its choice to exercise review of the ALJ's decision under 20 C.F.R. § 404.970(a) and therefore determined that it had to decide as a threshold matter whether the Secretary's decision to conduct "own-motion" review based on the condition that the ALJ award was not supported by substantial evidence was correct. 768 F.2d at 179. In a later case, *DeLong v. Heckler*, 771 F.2d 266 (7th Cir.1985), however, the Seventh Circuit recognized the broad power of the Secretary in making "own-motion" review under § 404.969. *See* our note 5 *infra*. The claimant in *DeLong* had sought review under another section, and the Seventh Circuit held that the Appeals Council's review and subsequent reversal of the ALJ's award of short-term benefits was proper even though the Council had not sought review itself. "If the Appeals Council has, as it unquestionably does, the power to review a grant of benefits on its own initiative, it must have that power in an appeal initiated by the claimant himself." 771 F.2d at 268.

the "final and reviewable decision," and not the ALJ, citing, *inter alia, Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975). Further, the Secretary argues that the provisions of 20 C.F.R. § 404.970(a) spell out when the Appeals Council *will* review an ALJ decision, but that such does not cut back on the provisions of 20 C.F.R. § 404.969, which grants broad authority to the Appeals Council, under certain time limitations, to review any action of an ALJ.[5] In support of its position, the Secretary relies on such cases as *Kellough v. Heckler,* 785 F.2d 1147 (4th Cir.1986); *Howard v. Heckler,* 782 F.2d 1484 (9th Cir.1986); *Taylor v. Heckler,* 765 F.2d 872, 875 (9th Cir.1985); *Lopez-Cardona v. Secretary* 747 F.2d 1081 (1st Cir.1984); *Baker v. Heckler,* 730 F.2d 1147 (8th Cir.1984); and *Beavers v. Secretary,* 577 F.2d 383, 386 (6th Cir.1978). The Secretary's interpretation of its regulations is reasonable in terms of the words of the regulation and the purposes of the statute and is therefore entitled to great deference. *E.I. DuPont de Nemours & Co. v. Collins,* 432 U.S. 46, 54–55, 97 S.Ct. 2229, 2234, 53 L.Ed.2d 100 (1977); *Baker v. Heckler,* 730 F.2d 1147, 1149 (1984).

We believe the Secretary's position on this procedural matter is the preferable and correct one, and is supported by the weight of authority.[6] To hold that our task is to review the ALJ's decision and decide whether it is supported by substantial evidence, and ignore the Secretary's decision, is, in a sense, allowing the tail to wag the dog. A hearing before an ALJ is an intermediate step, albeit an important one, in the overall scheme set up by statute and implementing regulations for the disposition of applications for disability benefits. The Social Security Administration has hundreds of administrative law judges de-

ciding in the aggregate hundreds of thousands of disability cases a year. Review of ALJ decisions under § 404.969 is a means to achieve critically needed consistency. *DeLong v. Heckler,* 771 F.2d 266, 268 (7th Cir.1985).

In view of its overriding power to review any decision of an ALJ, the fact that the Appeals Council initially assigned as its reason for review 20 C.F.R. § 404.-970(a)(3) does not mean that we must first examine the ALJ's decision and determine whether it is supported by substantial evidence. See, in this regard, *Lopez-Cardona,* 747 F.2d at 1083, where the First Circuit, after noting that the Appeals Council had initially referred to 20 C.F.R. § 404.-970(a)(3), i.e., lack of substantial evidence, as grounds for reviewing the ALJ's decision, went on to state that even though it might later develop, on actual review, that the ALJ's decision was supported by substantial evidence, the "Appeals Council did not violate its regulations by initiating review." In this same connection, see also *Baker v. Heckler,* 730 F.2d at 1150, where the Eighth Circuit commented as follows:

Secondly, Baker's argument overlooks the fact that the decision by the Appeals Council to single out a given case for own-motion review necessarily occurs at the beginning of the Appeals Council process. *The Council may believe, for example, that the case fits one of the four categories listed in the regulation, but it may turn out, after full examination, that this initial impression was mistaken. We do not believe that the Council is then required to abandon its own review and to allow the ALJ's decision to stand, even when it has a definite and firm conviction that the ALJ was mistaken.* The question of power to review must, as a practical matter, be

---

**5.** Section 404.969 provides in pertinent part:
   Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken.

**6.** In addition to cases cited in text, see *Deters v. Secretary,* 789 F.2d 1181 (5th Cir.1986); *Lovejoy v. Heckler,* 790 F.2d 1114 (4th Cir.1986); and

*Parker v. Bowen,* 788 F.2d 1512 (11th Cir.1986). In *White v. Schweiker,* 725 F.2d 91, 93–94 (10th Cir.1984), in a factual situation different from that of the instant case, this court recognized the Appeals Council's full power to substitute its judgment for that of the ALJ, citing, *inter alia, Beavers v. Secretary,* 577 F.2d 383 (6th Cir.1978).

addressed and decided at a preliminary stage, not after the review is completed, at a time when a negative answer to the question would render the whole review process nugatory.

(Emphasis added). *See also Razey v. Heckler,* 785 F.2d 1426, 1428–29 (9th Cir.1986).

■ Being of the firm view that the task of the judiciary in a situation of the present sort is to review the decision of the Secretary, and not that of the ALJ, we proceed to consider whether the findings of the Secretary are supported by substantial evidence, which, if they are, is, of course, conclusive on the matter. 42 U.S.C. § 405(g). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Teter v. Heckler,* 775 F.2d 1104, 1105 (10th Cir. 1985). However, where the Secretary, acting through the Appeals Council, overturns a decision of the ALJ granting benefits, and, in so doing, differs with the ALJ's assessment of witness credibility, the Secretary should fully articulate his reasons for so doing, and then, with heightened scrutiny, we must decide whether such reasons find support in the record. *Webber v. Secretary,* 784 F.2d 293, 296 (8th Cir.1986); *Howard v. Heckler,* 782 F.2d at 1487; *Lopez-Cardona,* 747 F.2d at 1084.

■ Our study of the administrative record leads us to conclude that the Secretary fully articulated his reasons for reversing the ALJ and that such are supported by the record. Fierro's claim of disability is based on his own testimony and the testimony of his personal physician, the latter testifying that Fierro was totally and permanently disabled. Fierro's subjective complaint of pain is by itself insufficient to establish disability. *See* 42 U.S.C. § 423 (d)(5)(A); 20 C.F.R. § 404.-1529; *Taylor v. Heckler,* 765 F.2d 872, 876 (9th Cir.1985). In rejecting the testimony of Fierro's doctor, the Appeals Council, in a commendably detailed explanation, noted, *inter alia,* that clinical testing simply did not corroborate the doctor's opinion of total

and permanent disability and that testimony of an orthopedic surgeon, a neurologist, a clinical psychologist, and a psychiatrist, each of whom personally examined Fierro, was, essentially, at odds with the testimony of Fierro and his doctor. The combined testimony of these other doctors supports the conclusion that Fierro was not totally and permanently disabled, but, on the contrary, was capable of "at least light level work activity," which includes barbering. In this regard, and by way of example only, the clinical psychologist testified that if Fierro is compensated for his claimed disability, it will become a "way of life."

Judgment affirmed.