Carla HOCKENHULL, Plaintiff,

v.

Otis BOWEN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 89–K–164.

United States District Court, D. Colorado.

Oct. 20, 1989.

Laurie Lambrix, DNA–People's Legal Services, Inc., Shiprock, N.M., Vicki Alsin,

Colorado Rural Legal Services, Grand Junction, Colo., for plaintiff.

J. Greg Whitehair, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER AND JUDGMENT ON APPEAL

KANE, Senior District Judge.

This is an appeal from a final decision of the defendant Secretary under the Social Security Act. This court has jurisdiction pursuant to 42 U.S.C. § 405(g). It is conceded that the decision appealed from is the final decision of the Secretary.

I have examined the entire record on appeal and reviewed the briefs filed by the parties. Accordingly, I find that oral argument would not be of material benefit in deciding this appeal and therefore dispense with it.

In 1987, Carla Hockenhull applied for disability insurance benefits. At the time of her application, she was fifty-six years old. Mrs. Hockenhull has an eighth grade education and had worked for a number of years as a retail store clerk. She underwent a thyroidectomy in 1975 due to carcinoma and subsequently began to suffer from a seizure disorder. Her seizures became more frequent, after which she would experience a loss of memory, fatigue and dizziness, often lasting for several days. In addition, Mrs. Hockenhull suffers from a calcium deficiency and phlebitis which she contends causes debilitating leg pain and cramps. Unable to continue working, she quit her job in 1986 because of the above conditions.

Mrs. Hockenhull's application for benefits was initially denied. She appealed the decision, and after a hearing before an administrative law judge (ALJ), Mrs. Hockenhull was found to be disabled and was awarded benefits. On its own motion, pursuant to 20 C.F.R. § 404.969 (1988), the Appeals Council elected to review the ALJ's decision awarding Mrs. Hockenhull benefits.

The Appeals Council adopted the ALJ's findings that Mrs. Hockenhull had not engaged in substantial gainful activity since 1986, that she suffered from a severe impairment, and that the impairment was not one that met or equalled a listed impairment. It departed, however, from the ALJ's findings regarding Mrs. Hockenhull's residual functional capacity to perform her past work. The Appeals Council found that there was insubstantial evidence that Mrs. Hockenhull's combination of impairments precluded her from returning to her job as a retail sales clerk. Specifically, the Council found that her allegations of leg pain, numbness, cramps and swelling, headaches, seizures and symptoms relating to her seizures were not supported by the evidence and, from the cold record, it further found Mrs. Hockenhull's statements as to her work-related restrictions resulting from these disorders not to be credible. It concluded that she "has the ability, despite her seizure disorder, to perform jobs not requiring her to be exposed to dangerous moving machinery or unprotected heights [and that] [h]er past relevant work as a cashier required neither."

The question in this case is whether the Secretary's decision, as rendered by the Appeals Council, is supported by substantial evidence. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir.1988); *Fierro v. Bowen,* 798 F.2d 1351, 1355 (10th Cir.1986). Substantial evidence has been defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citation omitted). Moreover, "where the Secretary, acting through the Appeals Council, overturns a decision of the ALJ granting benefits, and, in so doing, differs with the ALJ's assessment of witness credibility, the Secretary should fully articulate his reasons for so doing, and then, with heightened scrutiny, [this court] must decide whether such reasons find support in the record." *Fierro v. Bowen,* 798 F.2d at 1355; *see also Reyes v. Bowen,* 845 F.2d 242, 245 (10th Cir.1988).

The primary reason asserted by the Appeals Council in rejecting Mrs. Hockenhull's testimony was that it was not consistent with the medical evidence submitted in support of her application for benefits.

In particular, the Appeals Council opined that the record did not support Mrs. Hockenhull's allegations of disability because (1) her statements as to the frequency of her seizures were inconsistent and not reflected in the medical evidence, (2) her complaints of leg pain were not credible because medical records showed that she was treated only once for this problem and that support hose and medication had controlled it, (3) there was only one report that she had experienced memory and concentration difficulties and this problem appeared to have cleared up, (4) her visual problems appeared to be corrected with glasses, and (5) medical records contained no indication of fatigue or dizziness associated with her seizures or an inability to use her hands for fine motor manipulation. These conclusions are not supported by substantial evidence; they are contrary to it.

 First, as to the lack of medical data to corroborate Mrs. Hockenhull's statements about her disabling conditions, the Secretary repeatedly asserts that she did not regularly seek medical attention for each of her symptoms. It is true that, in assessing the credibility of a claimant seeking disability benefits, the Secretary may consider the claimant's failure to seek medical treatment. *Brissette v. Heckler,* 730 F.2d 548, 549 (8th Cir.1984). Further, benefits may be denied when it is apparent that, had the claimant followed a recommended treatment plan, his impairment would not be disabling. *See* 20 C.F.R. § 416.930(b); *Lovelace v. Bowen,* 813 F.2d 55, 59 (5th Cir.1987). However, when the claimant's failure to seek medical treatment can be attributed to her inability to pay for such treatment, evidence of nontreatment is of little weight. *See, e.g.*

*Hayes v. Bowen,* 643 F.Supp. 770, 773 (D.D.C.1986) (finding it "impermissible" for the Appeals Council to reject the credibility of an indigent claimant based on a lack of medical evidence in the record); *Curtin v. Harris,* 508 F.Supp. 791, 797 (D.N.J.1981). Likewise, the failure to follow a prescribed course of treatment will not prevent the claimant from qualifying for disability benefits when he cannot afford the treatment. *Dawkins v. Bowen,* 848 F.2d 1211, 1213 (11th Cir.1988); *Teter v. Heckler,* 775 F.2d 1104, 1107 (10th Cir.1985).

In this record, there is no indication that Mrs. Hockenhull did not follow the recommended course of treatment for her conditions, or that her failure to come in for medical treatment on a continuous basis was in any way unusual or unwise, or would even have been of benefit to her, especially given the chronic nature of her ailments. *Compare Johnson v. Bowen,* 866 F.2d 274 (8th Cir.1989) (claimant's allegations that he was suffering from seizure disorder properly rejected when evidence suggested claimant failed to take prescribed medicine and was not seen by physician in two years). Moreover, when she was seen by her physician, she reported her symptoms to him and they were in her medical records. That Mrs. Hockenhull did not ensconce herself in a medical clinic waiting room is further explained by her very limited financial resources. The Appeals Council's rejection of Mrs. Hockenhull's claim for disability benefits based on the alleged lack of medical evidence in the record is totally unjustified under these circumstances.[1]

 The Secretary argues that certain inconsistencies in Mrs. Hockenhull's testi-

---

1. The record simply does not support the Appeals Council's statements that the medical evidence shows only one complaint of leg pain and no indication of dizziness or fatigue related to Mrs. Hockenhull's seizures, that support hose and medication had controlled her leg pain, that Mrs. Hockenhull's memory and concentration difficulties had cleared up and that her vision problem was correctable with glasses. On at least two occasions, Mrs. Hockenhull's medical records contain reports of tender calf and leg muscles, and there is no evidence that medication and support hose have eliminated her symptoms. Similarly, there are a number of references in the record to her complaints of fatigue, headaches, loss of equilibrium and memory difficulties, and contrary to the Appeals Council's finding, Dr. Herding's report of November 20, 1987 relates that Mrs. Hockenhull's treatment with medication has resulted in "relatively poor control" of her condition. Finally, while Mrs. Hockenhull's normal vision is correctable with glasses, there is no indication that her blurred vision relating to her seizures is no longer a problem.

mony impinge on her credibility and that the medical evidence in the record was insufficient to establish a basis for Mrs. Hockenhull's subjective complaints of pain. The Appeals Council's questioning of Mrs. Hockenhull's credibility as to the frequency of her seizures, the residual effects of her seizures, and the intensity of her leg pain directly contradicts the findings of the ALJ, who observed Mrs. Hockenhull and her husband in person. The ALJ specifically found that "[t]he claimant's subjective complaints and concomitant functional restrictions are considered credible and supported by the evidence." In this situation, "special deference is traditionally afforded a trier of fact who makes a credibility finding. 'Where the ALJ has observed the claimant's condition and demeanor, his finding that complaints of pain are credible may undercut the substantiality of the evidence to support the Secretary's contrary decision.' " *Williams v. Bowen*, 844 F.2d 748, 755 (10th Cir.1988) (citation omitted). I find the Appeals Council's conclusions as to Mrs. Hockenhull's lack of credibility insupportable and incredible.

There is absolutely no doubt that Mrs. Hockenhull suffers from a seizure disorder relating to her hypoparathyroidism. She has consistently been taking the preventative drugs which were prescribed by her treating physician for this condition. The dosage of her medication was increased after Mrs. Hockenhull experienced a particularly strong seizure and was taken by ambulance to the hospital. No physician has ever questioned that she suffers from this ailment, nor does the Appeals Council challenge this finding. The council noted, however, that Mrs. Hockenhull's accounts as to the frequency of her seizures were inconsistent. Any inconsistency in the record as to the frequency of her seizures is inconsequential; the numbers related by Mrs. Hockenhull and corroborated by her

husband approximated 4 seizures per month. Given the sporadic nature of their occurrence, some variation in this number would not be unusual and was certainly not of the magnitude envisioned by the Council nor deserving of the Pecksniffian treatment it received.

■ The Secretary also found Mrs. Hockenhull's subjective complaints of leg pain to be not credible. With respect to allegations of disabling pain, the Social Security Act "requires only a loose nexus between the proven impairment and the pain alleged. Accordingly, if an impairment is reasonably expected to produce *some* pain, allegations of *disabling* pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir.1987). There is ample medical evidence documenting that Mrs. Hockenhull has a seizure disorder and a significant calcium deficiency arising out of her hypoparathyroidism and also mild phlebitis. The seizure disorder is one which is reasonably expected to produce the headaches, dizziness, temporary eyesight problems, and loss of memory. Likewise, Mrs. Hockenhull's calcium deficiency and her phlebitis reasonably account for her leg pain.[2] Consequently, since there is medical evidence which reasonably could be expected to produce pain of the type suffered by Mrs. Hockenhull, under *Luna v. Bowen*, the Appeals Council must consider *all* the relevant evidence, including Mrs. Hockenhull's subjective complaints of severe pain, in determining whether she is disabled.

Although at this point the council may consider the claimant's credibility with respect to her subjective complaints, as I have discussed above, the Council's reasons for rejecting Mrs. Hockenhull's credibility are neither supported by the record nor by legal authority. *See Luna v. Bowen*, 834

2. Hypoparathyroidism is defined as a "lack of parathyroid hormone lead[ing] to a fall in plasma calcium level—which may result in increased neuromuscular excitability and, ultimately, tetany...." *Dorland's Illustrated Medical Dictionary* 641 (26th ed.1985). Tetany, in turn, is defined as a "syndrome manifested by

sharp flexion of the wrist and ankle joints (carpopedal spasm), muscle twitching, *cramps*, and convulsions ..." *Id.* at 1351 (emphasis added). Thus, leg cramps and pain are recognized symptoms associated with calcium deficiency and hypoparathyroidism.

F.2d at 165 (recognizing "numerous factors" in addition to medical test results which can help the Secretary evaluate the credibility of subjective complaints of pain, including the claimant's persistent attempts to find relief, willingness to try treatments, dosage of medication, and limitations on daily activities). By requiring medical evidence to document the severity of Mrs. Hockenhull's pain, the Appeals Council violates the standards set forth in *Luna v. Bowen,* and the Social Security Act.

Accordingly, the decision of the defendant is reversed. The case is remanded with direction to reinstate the decision of the ALJ awarding Mrs. Hockenhull disability benefits.