21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles ANGER, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of the Department of Health and
Human Services, Defendant-Appellee.
 No. 93-1394.
 United States Court of Appeals, Tenth Circuit.
 April 5, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Charles Anger appeals from the decision of the United States District Court for the District of Colorado affirming the Secretary's denial of his application for waiver of overpayment of Social Security disability benefits. In August 1977, Mr. Anger was declared disabled and eligible for benefits under Title II of the Social Security Act, with benefits to begin in February 1978. Mr. Anger received benefits through September 1988, at which time the Social Security Administration held that he had been ineligible for benefits since April 1983. This determination was based on the SSA's discovery that substantial earnings had been posted to Mr. Anger's Social Security earnings record beginning in July 1982. Mr. Anger was declared liable for a total overpayment of $73,500.00.
 
 
 3
 Mr. Anger filed a request for reconsideration, which was denied. He then petitioned for waiver of overpayment. Such waiver is available when the individual receiving the overpayment is "without fault," and recovery of the repayment would defeat the purpose of Title II of the Social Security Act. 42 U.S.C. 404(b). The determination that a person is "without fault" is a factual one, dependent upon a finding that the overpayments did not result from
 
 
 4
 (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
 
 
 5
 (b) Failure to furnish information which he knew or should have known to be material; or
 
 
 6
 (c) ... acceptance of a payment which he either knew or could have been expected to know was incorrect.
 
 
 7
 20 C.F.R. 404.507. Mr. Anger's petition was denied and he requested a hearing before an Administrative Law Judge. At the hearing, Mr. Anger testified that in July 1982 he was reinstated by his employer, and that he telephoned the SSA before returning to work to notify them of his change in status. Several months later, Mr. Anger testified, he discovered that benefits were still being direct deposited into his bank account, and he again telephoned the SSA to tell them he was working. Mr. Anger further testified that six months later, he again called SSA and was told that he should not worry about it, and that things would be taken care of. Mr. Anger's wife testified that she finally wrote a letter to the SSA notifying them that Mr. Anger had returned to work. There was no record of this letter in Mr. Anger's file. The ALJ found that Mr. Anger's testimony was credible, and that a document prepared by Mr. Anger prior to his hearing "indicate[d] an acknowledgment of [the] fact that work activity was reported." (App. at 18). The document, which Mr. Anger prepared in June 1991, purported to show that Mr. Anger had worked for only short periods of time during the years at issue. The ALJ concluded that the Angers were "without fault" in causing the overpayment and that refund of the overpayment would defeat the purpose of Title II of the Social Security Act.
 
 
 8
 The Appeals Council of the SSA subsequently notified Mr. Anger that it had decided to review the ALJ's decision on its own motion, in accordance with 20 C.F.R. 404.969. After reviewing the case, the Appeals Council determined that the ALJ's conclusion that the Angers were "without fault" was not supported by substantial evidence, and reversed the ALJ's waiver of repayment. Mr. Anger appeals from this decision. Mr. Anger argues that the Secretary inadequately explained the reasoning behind the reversal of the ALJ's decision, and that the Secretary's determination was not supported by substantial evidence.
 
 
 9
 Our review of the Secretary's decision is limited to the determination of whether that decision was based on substantial evidence. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). Substantial evidence consists of sufficient relevant evidence that a reasonable person might deem adequate to support the Secretary's conclusion. Id. Evidence is not substantial if it is overwhelmed by other evidence in the record or if it consists of a mere scintilla of evidence. Id. In performing our review, we cannot re-weigh the evidence in the record or substitute our judgment for that of the Secretary. Id. Where the Secretary overturns a decision of the ALJ and differs with the ALJ's determination of the witness' credibility, the Secretary must fully articulate her reasons for doing so. We then apply heightened scrutiny to determine whether those reasons find support in the record. Fierro v. Bowen, 798 F.2d 1351, 1355 (10th Cir.1986), cert. denied, 480 U.S. 945 (1987). If the Secretary fails to articulate her reasons for disregarding the ALJ's credibility determinations, we will conclude that the record does not support her decision. See Williams v. Bowen, 844 F.2d 748, 755 (10th Cir.1988).
 
 
 10
 Unlike the situation in Williams, where the record was "silent as to how much weight, if any, was given by the Appeals Council" to the claimant's testimony, Williams, 844 F.2d at 755, the decision of the Appeals Council contains the following statement:
 
 
 11
 Although the claimant contended that his earnings constituted mostly advanced sick leave and suggested that they were subsidized, Donna M. Dall, supervisor for support services at the Aurora [Colorado] Post Office, informed the Social Security Administration ... that the claimant was in pay status from June 26, 1982 through December 31, 1986 (Exhibit 48). She also informed the Administration on October 2, 1989, that during the period from March 1983 through March 1984 the claimant was not given any special help (on the job); that he used (only) 76 hours of sick leave and that he was not advanced any (additional) sick leave (Exhibit 55). Therefore, the record does not support the Administrative Law Judge's finding that neither the claimant nor his wife failed to notify the Social Security Administration promptly of his earnings.... In the face of such evidence, the Council does not find the claimant's testimony of dutifully reporting his work activity credible.
 
 
 12
 (App. at 10-11). We conclude that this statement adequately addressed the ALJ's credibility determination and provided the Council's reasons for disagreeing with that determination.
 
 
 13
 In its decision reversing the ALJ, the Appeals Council made the following findings:
 
 
 14
 -1. The claimant stated on a form labelled "Report of
 
 
 15
 Continuing Disability Interview" SSA-454-BK dated December 3, 1983 that he had not returned to work (Exhibit 2).
 
 
 16
 2. The claimant stated on a form labelled "Report of Work Activity" SSA-3945-F4 dated August 3, 1986 (Exhibit 3) that he had not returned to work.
 
 
 17
 3. The U.S. Postal Service verified that the claimant had earnings of $14,298.18 in 1982, $27,766.00 in 1983, $10,424.40 in 1984, $4,559.69 in 1985, $30,666.48 in 1986 and $18,403.73 in 1987 (Exhibits 41 and 42). 4. The Appeals Council finds that the claimant did not accurately report his work activity and was therefore at fault for causing the $73,500 overpayment.
 
 
 18
 (App. at 11). The Appeals Council concluded that because Mr. Anger had been at fault for causing the overpayment, recovery of the overpayment would not be waived.
 
 
 19
 We have exhaustively reviewed the Appendix in this case as well as the briefs of the parties. We conclude that the evidence cited by the Secretary to support her decision to reverse the ALJ's finding that the Angers were "without fault" is supported by substantial evidence in the record, and is neither based upon a mere scintilla of evidence nor overwhelmed by the other evidence in the record. Accordingly, we AFFIRM the order of the district court affirming the Appeals Council's denial of Mr. Anger's request for waiver of overpayment.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November29, 1993. 151 F.R.D. 470