**Martin PASILLAS, Plaintiff,**

v.

**Dr. Donna SHALALA, Secretary of Department of Health and Human Services [1], Defendant.**

**Civil Action No. 94–B–2374.**

United States District Court, D. Colorado.

Feb. 10, 1998.

---

**1.** Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103–296. In the text, the court refers to the Secretary because she was the appropriate party at the time of the underlying decision.

Richard C. Kaufman, Assistant U.S. Attorney, Denver, CO.

Michael W. Seckar, Erik W. Lang, Pueblo, CO.

Thomas H. Krause, Assistant Regional Counsel, Office of General Counsel, Denver CO, for Defendant.

## ORDER

BABCOCK, District Judge.

THIS MATTER is before the Court upon the Recommendation of United States Magistrate Judge filed January 15, 1998. No objections having been filed, the parties are barred from a *de novo* review of the matter. It is, therefore,

ORDERED that the recommendation of the magistrate judge is ACCEPTED. The decision of the Secretary is REVERSED, and the case is REMANDED for a full award of benefits to the plaintiff, Martin Pasillas.

---

**2.** All references to the record are to the record

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COAN, United States Magistrate Judge.

This matter is before the court on a May 12, 1997 special order of reference from District Judge Lewis T. Babcock. Plaintiff appeals the decision of the Secretary finding him ineligible for benefits. Judicial review of the Secretary's decision is appropriate under 42 U.S.C. § 405(g). For the reasons discussed below, it is recommended that the decision of the Administrative Law Judge be reversed and the matter remanded for an award of benefits.

### I. Background

Mr. Pasillas ("claimant" or "Pasillas") was born March 24, 1967 in Mexico. He speaks some English (Administrative Record ("R.") at 34),[2] completed six years of school in Mexico, and has no additional education. He is considered illiterate in English. R. at 95. Pasillas was employed as a farm laborer when he was injured by a flywheel from an engine which hit him in the lower back on July 18, 1992. R. at 33.

A hearing was held before administrative law judge ("ALJ") Swihart on March 18, 1994. At that hearing, claimant said he had not worked for pay since that injury. R. at 25, 37. Pasillas testified he could sit or stand for ten to fifteen minutes at a time before he had to move. R. at 35–36. Pasillas has pain in the upper part of his leg, which goes to his back unless he changes positions. The pain wakes him at night and he is unable to sleep through the night. R. at 39. Claimant lies down during the day about three times a day due to the pain. R. at 40. Claimant has not had surgery for his back, but has had a course of physical therapy. R. at 43, 57. He can lift no more than ten pounds. R. at 43. He has had two injections to help his back pain. R. at 44, 57. If he walks a lot, his left leg goes to sleep. R. at 45. Pasillas is in pain all the time, and takes pain medication, which is ineffective. R. at 46. According to his wife, Pasillas can't stay long in one place because of the pain. R. at 49. Claimant has

before the Administrative Law Judge.

not had surgery on his back because he is afraid it will make him worse. R. at 60. On May 6, 1993, he asked for a referral to a different doctor for another opinion concerning the surgery. R. at 82.

Pasillas pursued a worker's compensation claim and at the time of the hearing before the ALJ, was receiving workers' compensation benefits of $280.00 every two weeks, which was the only income for his household of five. R. at 37–38. The workers' compensation claim was unresolved as of the hearing date before ALJ Swihart.

The ALJ's decision issued April 21, 1994. The ALJ found that the medical evidence established that plaintiff sustained an injury to his back on July 18, 1992, as documented by an MRI showing a herniated L4–L5 disc and a possible anterior lip L5 fracture (R. at 23), which did not constitute an impairment under the grid. R. at 26. He found that claimant cannot life heavy objects and "it is obvious that claimant has a severe impairment related to his back injury." *Id.* The ALJ relied on a functional capacities assessment indicating that the claimant can handle jobs in the sedentary to light range. *Id.* Pasillas' deficits as stated in the vocational assessment and noted by the ALJ were stair and ladder climbing, elevated work, floor to waist lifting and waist to overhead lifting, with a weight restriction of fifteen pounds for one to two thirds of an eight hour day and a lifting restriction from floor to waist limited to ten pounds for up to a third of a work day and five pounds for one to two thirds of a work day. *Id.* The ALJ further found that claimant could walk one to two thirds of a work day and could sit and stand for up to one third of an eight hour day. *Id.*

The ALJ concluded that Pasillas' treating physician and his physical therapists indicated he could perform sedentary jobs, and that Pasillas could not perform his prior work. R. at 24. The ALJ applied the "medical vocational guidelines in Appendix 2 of Subpart P. Regulations No. 4 ("the grid"), to direct his finding "when only exertional limitations are present," that claimant retained the ability to perform a full range of sedentary work, and based on his education, age and experience, the grid required that Pasillas be found not disabled. *Id.*

The ALJ considered claimant's complaints of pain but found them not disabling because there were no signs of muscle atrophy, muscle spasms or neurologic abnormality, claimant's treatment and medication were consistent with a finding that he is not bothered by severe disabling pain when restricted to sedentary activity, and his treating physician and physical therapist had indicated that Pasillas could handle sedentary work. R. at 25. The ALJ determined that claimant had a weight lifting restriction of no more than ten pounds regularly and that he did not have nonexertional limitations. The ALJ found that Pasillas was unable to perform his past relevant work as a farm laborer, was a "younger individual," with an unskilled work background, who could not read or write English, but who had full residual capacity to perform the full range of sedentary work, and was therefore not disabled under the Social Security Act. R. at 26.

Plaintiff filed his complaint October 17, 1994, seeking reversal of the Appeals Council decision of August 19, 1994 which affirmed the ALJ. The Appeals Council's decision was the final decision of the Secretary for purposes of judicial review under 42 U.S.C. § 405(g). *Fierro v. Bowen,* 798 F.2d 1351, 1354–55 (10th Cir.1986).

## II. Standard of Review

Judicial review of the Secretary's decision is limited to whether the Secretary's decision is supported by substantial evidence upon review of the record as a whole and whether she applied the correct legal standards. *Andrade v. Secretary of Health and Human Services,* 985 F.2d 1045, 1047 (10th Cir.1993); *Castellano v. Secretary of Health and Human Services,* 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Broadbent v. Harris,* 698 F.2d 407, 414 (10th Cir.1983) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). In reviewing the Secretary's decision, the court cannot reweigh the evidence or substitute its judgment for that of the Administrative Law Judge. *Hamilton v. Secretary of Health & Human Services,*

961 F.2d 1495, 1498 (10th Cir.1992). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if it is based on a mere scintilla of evidence, but the court will scrutinize evidence that constitutes mere conclusion. *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). The court must affirm the Secretary's decision if it is based on substantial evidence. *Eggleston v. Bowen*, 851 F.2d 1244, 1246 (10th Cir.1988).

### III. Administrative Law Judge's Decision

The issue was whether Pasillas was disabled and entitled to disability benefits and supplemental security income under the Social Security Act.

In *Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir.1988), the Commissioner established a five step sequential process to determine it a claimant is disabled. *See also,* 20 C.F.R. § 404.1520. If the claimant is determined to be disabled or non-disabled at any step, the evaluation process ends there. The burden of proof is on the claimant through step four; and if the Secretary finds that the claimant cannot perform his past relevant work, the claimant has established a prima facie case of disability. *Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir.1993). The burden then shifts to the Secretary to show that a claimant can perform work that exists in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. *Id.*

"Disability" is defined as the "the inability to perform substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505 and 416.905 (1995).

Under this definition, a claimant must have a "severe impairment" which makes him unable to do his previous work or any other substantial gainful activity which exists in the national economy. *Id.* In determining whether a claimant is able to do any other work, his "residual functional capacity ... age, education and work experience" are considered. *Id.*

The sequential process begins with a determination as to whether the claimant's work activity is substantial. 20 C.F.R. §§ 404.1520 and 416.920. Then, consideration is given to whether the claimant's impairments are "severe" and if so, whether he still maintains the "residual functional capacity" to perform other work, in light of his transferable skills, age, education, and work history. *Id.* If a determination can be made at any step that the claimant is or is not disabled, then further review is unnecessary. *Id.*

The ALJ found that Pasillas was not working, did not have an impairment or combination of impairments under the grid and did not have severe disabling pain when limited to sedentary activity. R. at 26. The ALJ found that claimant was not under a "disability" as defined by the Social Security Act although he had severe degenerative disc disease of the lumbosacral spine, a possible lumbar vertebral fracture at L–5 and weight lifting restrictions limited to ten pounds frequently. *Id.* The ALJ found that there were not any limitations which were nonexertional, that Pasillas had an unskilled work background, could not read or write English, and could not perform his past relevant work, *Id.*

### Assessment of Substantial Gainful Activity

According to the regulations, "if you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled ..." 20 C.F.R. §§ 404.1520(b) and 416.920(b). Claimant completed six years of schooling in Mexico (R. at 34), and has been a farm worker all of his life. R. at 35. He had not worked for pay since his work as a farm laborer when he was injured on July 18, 1992. R. at 37. That job required lifting as much as sixty to seventy pounds, working on his feet or being on a tractor or a horse. R. at 35.

The ALJ concluded that Pasillas had not engaged in any substantial work activity since July 18, 1992. R. at 25. He further found that claimant was unable to perform his past relevant work as a farm worker. R. at 26.

### Assessment of Impairment

The ALJ evaluated whether Pasillas had any mental or physical impairments, which alone or in combination, would be considered "severe." He then determined whether Pasillas' impairment significantly limited his mental or physical ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

The ALJ found that the medical evidence established that Pasillas had severe degenerative disc disease of the lumbosacral spine plus a possible L5 fracture, which did not rise to the level of an impairment under the grid. R. at 26.

The ALJ's conclusion was based on Pasillas' functional capacities assessment and claimant's physical therapists' findings as confirmed by claimant's treating physician, Dr. Meinig. R. at 23. The ALJ then found, however, that Pasillas' impairments did prevent him from performing work he had performed in the past as a farm laborer.

### Residual Functional Capacity

At this step in the analysis, the burden is on the claimant to prove he is unable to perform his past relevant work. *Andrade,* 985 F.2d at 1050. The ALJ determined whether Pasillas was able to perform his past relevant work and found that he was not. R. at 24, 26. Since the claimant could not perform his past relevant work, the ALJ was required to determine whether Pasillas could perform "any jobs existing in significant numbers in the national economy which the claimant can perform given his combined limitations and vocational profile." The ALJ was to review the claimant's past work experience and the possible work available in the future given plaintiff's exertional restrictions and his nonexertional complaints of pain.

Pasillas said he could sit or stand ten to fifteen minutes at a time (R. at 35), but said he would not be able to work in a job that let him sit and stand as he wanted to. R. at 36. Claimant maintained that he could walk only one to two blocks before he started to lose strength in his left leg. R. at 36. He stated he needed someone to lift his child for him. R. at 38. He watches television five to six hours a day. R. at 39. He does some yard work. *Id.* He stated he was in pain at the hearing, and was unable to sleep through the night due to pain, which woke him at times. *Id.* Pasillas said he will lie down during the day when his back is hurting and that he could drive an automobile for about fifteen to twenty miles. R. at 40. At the hearing, Pasillas stated he has pain all the time (R. at 45–46, 133), and that his back and leg pain stop him from working because it is painful to lift. R. at 55, 123, 125. The SSA assessment shows that Pasillas is restricted from stair and ladder climbing, elevated work, floor to waist lifting and waist to overhead lifting, with weight restrictions of fifteen pounds for one to two thirds of an eight hour day, and from floor to waist, ten pounds for up to a third of a work day and five pounds for one to two thirds of a work day. An SSA evaluation opined that claimant could walk up to two hours out of a work day and sit for six hours. R. at 65–68.

In assessing Pasillas' residual functional capacity, the ALJ considered the credibility of his testimony regarding the severity of pain emanating from his physical impairments. He said "While the claimant probably would have significant discomfort if he engaged in strenuous exertion or heavy lifting, the record as a whole indicates he does not have disabling pain when limited to sedentary activities" (R. at 24–25), and, that "the balance of the evidence of record is inconsistent with a finding that the claimant is bothered by chronic disabling pain" (R. at 25), because the claimant's treating physician and his physical therapists have indicated claimant can perform tasks in the sedentary range, and his treatment and medication are consistent with a finding that he is not bothered by severe disabling pain when restricted to sedentary activity. *Id.*

The ALJ found that Pasillas was not performing substantial gainful activity, had a severe impairment, did not have an impairment listed on the grid, was unable to perform his past relevant work, and that Pasillas had "the residual functional capacity to perform sedentary work." R. at 24, 26.

### IV. Review

Pasillas contends that the Secretary did not meet her burden of showing that Pasillas was not entitled to benefits under the Social

Security Act. Specifically, Pasillas claims that the ALJ gave insufficient weight to the treating physician's opinions, that the ALJ gave insufficient weight to and did not properly evaluate claimant's pain complaints, that the ALJ improperly applied the grid without consideration of Pasillas' nonexertional complaints of pain, that the evidence did not support the ALJ's conclusion that Pasillas was able to perform a full range of sedentary work and that the ALJ did not meet his burden under step five of the analysis to show that there were jobs claimant could perform in the national economy.

■ Claimant contends the ALJ failed to properly credit his complaints of pain. Questions of evidentiary weight and witness credibility are within the province of the Secretary, whose judgment on such matters is entitled to considerable deference. *See Gay v. Sullivan*, 986 F.2d 1336, 1339 (10th Cir. 1993); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.1992). Here, the ALJ was to consider the medical evidence and assess Pasillas' credibility with regard to his pain. *See Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir.1990) (when determining whether a claimant's pain is disabling, the Secretary is entitled to examine the medical record and evaluate the claimant's credibility).

The ALJ set out his assessment of the factors related to Pasillas' pain and claim of disability. R. at 24–25. The ALJ found that the balance of the evidence of record was inconsistent with a finding that the claimant is bothered by chronic disabling pain. He determined that the claimant "does not have disabling pain when limited to sedentary activities." R. at 25. The ALJ stated that his conclusion was based on the "repeated clinical evaluations of the claimant [which] have failed to disclose signs of muscle atrophy, muscle spasms, or neurologic abnormality," consideration of the claimant's treating physician and his physical therapist's opinions that claimant could handle tasks in the sedentary range, and claimant's daily activities. *Id.*

■ The ALJ assessed the credibility of the claimant's testimony regarding subjective factors under *Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987). All evidence presented relating to subjective complaints, including the claimant's work record and information and observations by treating and examining physicians and third parties is considered. Regard is given to matters such as the nature, duration and frequency of pain, precipitating and aggravating factors, medication, treatment, functional restrictions and the claimant's daily activities. *Luna*, 834 F.2d at 166. The ALJ's analysis is to be consistent with *Luna* and also with *Hargis v. Sullivan*, 945 F.2d 1482 (10th Cir.1991) in which the Tenth Circuit held that the factors to consider when assessing credibility of complaints of pain are levels of medication and their effectiveness, the extensiveness of the attempts to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses and the consistency or compatibility of nonmedical testimony with objective medical evidence.

■ The ALJ's finding that claimant did not have disabling pain was not supported by substantial evidence in the record. To the contrary, and consistent with Pasillas' testimony of pain limiting his daily activities, the medical records evidenced objective clinical findings which supported Pasillas' complaints of pain. Specifically, the Social Security Administration physician's functional capacity assessment stated that Pasillas had a herniation at the L4–L5 level and an old fracture at the L5 level, and complaints of pain in his back and going down into his left leg. R. at 16, 65–66. His x-ray in October 1992 showed an old fracture at the level of L–5. R. at 135. Physical therapy reports indicated Pasillas complained of the most pain around a soft tissue bulge noted in the lower back in approximately the L–3 to L–4 region. R. at 144–45, 156. He complained of pain around the area of the lower back with radiation into the gluteal area. An MRI of the lower spine taken on November 6, 1992 showed a herniated disc at the L4–5 level. R. at 179. Claimant's treating physician, Dr. Meining, noted in his March 3, 1993 note that claimant was symptomatic for his L4–5 herniation and a "history of injury and pain with structurally abnormal objective test, namely central disc herniation." R. at 182. While Dr.

Meining appears to have recommended, on June 2, 1993, that Pasillas could return to work, he stated, in the same report, a need for a functional capacity evaluation to determine Pasillas' exact work restrictions or a CT scan to determine if surgery would be of benefit. R. at 184. Dr. Meining's report a week later stated that claimant was not capable of sustaining substantial employment and repeated that a functional capacity evaluation was needed. R. at 185.

The ALJ stated that the claimant's treating physician and physical therapist indicated he could perform sedentary to light work. However, Dr. Meining indicated only that the claimant needed a functional capacity evaluation in order to determine his specific restrictions and, and with the exception of the June 2, 1993 equivocal report (R. at 184), Dr. Meining did not opine that claimant could return to any kind of work, but instead stated that a functional capacity evaluation was necessary. R. at 178A, 184, 185. On June 12, 1993, an orthopedic consultant found paraspinal tenderness in the lower back, deceased range of motion in Pasillas' back and decreased pinprick sensation in the left foot suggestive of S–1 nerve root involvement. He recommended lifting restrictions of no more than five pounds and standing and walking limited to four hours per day. R. at 174–76. The functional capacity evaluation report dated February 17, 1994 recommended that Pasillas not return to his previous occupation and that vocational redirection should be to sedentary or light exertional work. R. at 186. Pasillas' sitting and standing tolerance was limited to one third of an eight hour day (R. at 188), with weight lifting restrictions. R. at 189. There was no indication in the record that the functional capacity evaluation was reviewed by Dr. Meining or that Dr. Meining issued any opinion concerning claimant's ability to work following the functional capacity evaluation.

■ The ALJ determined that claimant had the residual functional capacity to perform a full range of sedentary work. Sedentary work is defined as involving approximately six hours of sitting. Soc.Sec.Rul. 83–10. Here, the record indicates that claimant was capable of sitting a third of an eight hour day, and at most two thirds of an eight hour day. Two thirds of an eight hour day is five

and three tenths hours. Accordingly, there was not substantial evidence in the record that claimant was able to sit six hours a day and thus meet the sitting requirement of sedentary work. *See Ragland v. Shalala,* 992 F.2d 1056, 1057–58 (10th Cir.1993).

■ Claimant next contends that the ALJ did not properly evaluate Pasillas' complaints of pain and that his reliance on the grid for a finding of no disability was incorrect. To be disabling, pain must be so severe as to preclude substantial gainful employment. *Brown v. Bowen,* 801 F.2d 361, 362–63 (10th Cir.1986). Since the grids take into account only exertional or strength impairments and do not consider nonexertional impairments such as pain, they cannot be used when a nonexertional impairment limits a claimant's ability to perform a full range of work in a particular residual functional capacity. *See Hargis,* 945 F.2d at 1490; *Frey v. Bowen,* 816 F.2d 508 (10th Cir.1987).

The ALJ incorrectly evaluated Pasillas' complaints of pain in light of the medical records and other reports provided to him. Further, there was not substantial evidence to support the ALJ's finding that claimant was capable of the full range of sedentary work when there was medical evidence of claimant's exertional and nonexertional impairments.

Instead, claimant's medical records and testimony supported his assertion that pain limited his ability to work and there was substantial evidence that Pasillas' pain was supported by objective medical findings such as x-rays confirming a herniated disc, an old fracture at the L 5 level and palpation of a soft tissue bulge in claimant's lower back which was treated by physical therapy. Claimant's complaints of pain appear throughout his physical therapy records. An MRI confirmed his herniated disc. R. at 174, 179. He received two epidural steroid injections (R. at 171, 173), without significant relief. R. at 175. On June 12, 1993, Pasillas was still complaining of pain on a daily basis, which ran down his leg to his ankle at times, interfering with his ability to lift his two year old son, and causing him sleep disturbances at night. R. at 174. According to Dr. Ravilochan, as of June 1993, Pasillas could lift no

more than five pounds of weight, and could stand and walk for about four hours in an eight hour day. R. at 176. Pasillas further was restricted from sitting for long periods of time and would have difficulty performing tasks involving constant bending and turning. *Id.*

■ Moreover, once the ALJ found that Pasillas had the residual functional capacity to work, there was a shifting of the burden, and the Secretary was required to prove that there was a significant number of jobs in the economy which Pasillas could perform. *See Frey,* 816 F.2d at 512. When presented with a residual functional capacity diminished by both exertional and nonexertional impairments, the ALJ was required to produce testimony from a vocational expert as to what jobs claimant could perform in the national economy. *Hargis,* 945 F.2d at 1491, citing *Channel v. Heckler,* 747 F.2d 577 (10th Cir.1984); *Campbell v. Bowen,* 822 F.2d 1518 (10th Cir.1987). Because the ALJ did not consider the effects of claimant's pain in assessing his residual functional capacity, there was not substantial evidence to conclude that claimant was capable of performing a full range of sedentary jobs. In addition, the ALJ did not consult a vocational expert. Lacking a vocational expert's analysis of what jobs the claimant could perform in the national and local economies, given his physical limitations and complaints of pain, there was not substantial evidence to support the ALJ's conclusion that claimant was capable of performing sedentary work and that such work was available in the national economy.

**V. Recommendation**

■ The court has discretion to remand to the Secretary for a further hearing or to award benefits to the claimant. *Dixon v. Heckler,* 811 F.2d 506, 510 (10th Cir.1987). Where, as here, a claimant has established a prima facie case of entitlement, the record is fully developed and the Secretary has failed to show good cause for failure to adduce relevant evidence in the form of a vocational expert's testimony, there is no reason to remand for a further hearing. Accordingly, for the reasons set forth above, it is recommended that the decision of the Secretary be reversed and the case remanded for a full award of benefits to Pasillas.

Within ten days after being served with a copy of the recommendation, any party may serve and file written objections to the recommendation as provided by rules of court. The district court judge shall make a de novo determination of those portions of the recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.